UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-100-KDB

| | |
|---|---|
| THEODORE ANTONIO FERGUSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion to Vacate State Charges for Failure to Prosecute Violating Interstate Agreement on Detainers, Amend. VI, XIV," (Doc. No. 1), that Petitioner filed in his criminal case, 5:15-cr-18-KDB-DSC-1 ("CR"). The "Motion to Vacate" was docketed pursuant to 28 U.S.C. § 2255 and was opened in this new civil case.

Petitioner is serving a 125-month sentence on his criminal Judgment at the Lexington Federal Medical Center in Lexington, Kentucky. (CR Doc. No. 17) (Judgment, entered February 10, 2016). Petitioner alleges that the federal Bureau of Prisons notified him that a detainer has been entered in North Carolina case numbers 14CR702659, 15CR62, 15CR50096, and 15CR50732, that are pending in Wilkes County.[1] Petitioner alleges that he has repeatedly sought a speedy trial from the North Carolina courts on these cases pursuant to the Interstate Agreement on Detainers, and that these cases have now been pending for five years. Petitioner further claims that the conditions of his federal incarceration are being adversely affected by the detainer, *i.e.*, an

---

[1] Petitioner does not clearly identify the courts in which these cases are pending.

1

increased security level and denial of participation in pre-release programming and early release programs. Petitioner claims that the Interstate Agreement on Detainers as well as his Sixth and Fourteenth Amendment rights have been violated. He asks the Court to lift the detainers and dismiss the North Carolina cases with prejudice.

Although Petitioner filed the instant "Motion to Vacate" in his federal criminal case, it does not appear that he is seeking relief pursuant to § 2255 in that he is not challenging his federal conviction or sentence.[2] See generally 28 U.S.C. § 2255. It appears instead that Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 under which challenges to the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), and challenges to detainers, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499 & n.15 (1973), may be brought. See also Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) (addressing the appropriate respondent for a § 2241 action). Petitioner has not named the appropriate respondents, provided all of the information that is required to proceed under § 2241, or paid the $5 filing fee. Accordingly, Petitioner shall have **thirty (30) days** in which to amend his § 2241 Petition and pay the filing fee or file a motion to proceed *in forma pauperis*. Failure to comply with this Order will probably result in dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner shall have **thirty (30)** days in which to amend his § 2241 Petition and pay the filing fee or file a motion to proceed *in forma pauperis* in accordance with this Order. If Petitioner fails to comply within the time limit set by the Court, this action will be dismissed

---

[2] The Court therefore finds it unnecessary to provide Petitioner warnings pursuant to United States v. Castro, 540 U.S. 375, 383 (2003) (a "court cannot … recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.").

without further notice.

2. The Clerk is instructed to change the nature of suit to a § 2241 habeas petition in CM-ECF.

3. The Clerk is instructed to mail Petitioner a § 2241 form and an application to proceed in district court without prepaying fees and costs (long form).

Signed: August 5, 2020

Kenneth D. Bell
United States District Judge