UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-100-KDB
5:15-cr-18-KDB-DSC-1

| | |
|---|---|
| **THEODORE ANTONIO FERGUSON,** | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) **30-DAY ORDER** |
| **SUPERIOR COURT OF WILKES COUNTY,** et al., | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 4).

## I. BACKGROUND

The *pro se* Petitioner, who is serving a federal sentence at the Lexington Federal Medical Center in Lexington, Kentucky, filed a "Motion to Vacate State Charges for Failure to Prosecute Violating Interstate Agreement on Detainers, Amend. VI, XIV" that was docketed in the instant case as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The Court noted that the matter appeared to be a habeas petition pursuant to 28 U.S.C. § 2241 rather than a § 2255 motion to vacate and provided Petitioner the opportunity to amend. (Doc. No. 2). Petitioner then filed the instant § 2241 Petition, in which he names as Respondents: "Superior Court of Wilkes County Attorney for Wilkes County; State of North Carolina; and County of Wilkes." (Doc. No. 4).

Petitioner alleges that he is under a detainer for state charges that are pending in Wilkes County. Petitioner seeks the dismissal of the state charges because he has been denied a speedy trial pursuant to the U.S. Constitution and the Interstate Agreement on Detainers ("IAD"). He also

1

complains that his detainer status is affecting his security level and ability to participate in pre-release and early release programs in the Federal Bureau of Prisons ("BOP"). (Doc. No. 4 at 1); (Doc. No. 4-1 at 1).

The Court ordered the North Carolina Attorney General to respond to Petitioner's allegations.[1] (Doc. No. 5). The North Carolina Department of Justice ("NCDOJ") filed a Motion to Dismiss solely on behalf of the State of North Carolina, arguing exhaustion and abstention. (Doc. No. 10). Petitioner has filed a Response, (Doc. No. 13), and Motion for Summary Judgment, (Doc. No. 14).

## II. DISCUSSION

The IAD is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State."[2] New York v. Hill, 528 U.S. 110, 111 (2000). Under Article III of the IAD, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, the "receiving" state has 180 days to retrieve the inmate for resolution of the outstanding charges. See N.C. Gen. Stat. § 15A-761.

A habeas petitioner ordinarily must name as the respondent his immediate custodian at the time of filing. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The appropriate respondent for challenges to a petitioner's "present physical confinement" is therefore the warden of the facility where the petitioner is being held. Id. To the extent that Petitioner seeks to challenge BOP's execution of his sentence pursuant to a North Carolina detainer, he must raise those claims in the

---

[1] The appropriate respondent for a habeas petition filed under 28 U.S.C. § 2254 is the state attorney general. Rule 2(b), 28 U.S.C. foll. § 2254. A district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254. See Rule 1(a), (b), 28 U.S.C. foll. § 2254.

[2] For purposes of the IAD, "State" means "a State of the United States [and] the United States of America…." 18 U.S.C. § APP. 2 § 2, Art. II(a).
2

federal district court having jurisdiction over the warden of his correctional facility. See id.; Nelson v. George, 399 U.S. 224, 225 (1970).

The "immediate physical custodian" rule does not apply, however, where a habeas petitioner challenges something other than his present physical confinement. See Rumsfeld, 542 U.S. at 438; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499 & n.15 (1973). Therefore, the proper respondent to Petitioner's challenges to any detainer and pending North Carolina charges, is the official who lodged the detainer. Id. It is not clear from the North Carolina Agreement on Detainers, however, who or what entity should be named as the respondent in this action, as the Agreement refers variously to the court of record with criminal jurisdiction, the prosecuting officer/official, and the State itself. See N.C. Gen. Stat. § 15A-761 *et seq.*

In the instant case, NCDOJ does not assert that the other Respondents should not have been named in this action, or that other entities should appear in their place. However, NCDOJ has not filed a copy of any Wilkes County detainer pertaining to Petitioner and fails to clearly set forth Petitioner's present detainer status with regards to the pending Wilkes County charges. Telephonic and email inquiry to Petitioner's federal prison suggest that no North Carolina detainer is currently in place. It is therefore unclear whether the instant action is moot.

It appears that a detainer, if any, would have been issued by the Wilkes County Superior Court. See (Doc. No. 11-2 at 10) (Federal Bureau of Prisons April 19, 2016 Detainer Action Letter addressed to the Clerk of the Superior Court, 500 Courthouse Dr #1115, Wilkesboro, NC 28697 regarding charges 14CR702659, 15CR62, 15CR50096, and 15CR50732). In an abundance of caution, the Wilkes County Superior Court and the District Attorney for Wilkes County will be required to respond to the Petitioner's § 2241 Petition, provide the Court with a copy of Petitioner's

3

detainer(s), if any, and address whether this action is moot.³ NCDOJ will be required to file a supplemental response to the extent that these issues have not already been addressed in its pleadings.

### III. CONCLUSION

For the foregoing reasons, the Respondents shall respond to this Order within 30 days.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall amend the docket to add as a Respondent: Tom Horner, District Attorney, Prosecutorial District 23; the Clerk shall terminate Wilkes County as a Respondent.

2. Within **thirty (30) days**, the Superior Court of Wilkes County and the Wilkes County District Attorney shall file an answer or other responsive pleading, and NCDOJ shall file a supplemental response pursuant to this Order.

3. The Clerk is instructed to send copies of this Order and the § 2241 Petition, (Doc. No. 4), to the Wilkes County Clerk of Superior Court, Wilkes County Courthouse, 500 Courthouse Drive, Wilkesboro, NC 28697; and Tom Horner, District Attorney for Wilkes County, Wilkes County Office, 500 Courthouse Drive, Suite 2022, Wilkesboro, NC 28697.

4. Any party improperly named as a Respondent should file a motion for termination on that ground prior to the expiration of the 30-day deadline for filing a responsive pleading.

---

³ The Clerk of Court will be directed to amend the docket to add the District Attorney for Wilkes County as a Respondent in this action and terminate Wilkes County as a Respondent.

Signed: February 1, 2021

Kenneth D. Bell
United States District Judge