# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-100-KDB

| | |
|---|---|
| THEODORE ANTONIO FERGUSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WILKES COUNTY SUPERIOR ) | |
| COURT, et al., ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 4). Also pending are the Respondents' Motions to Dismiss, (Doc. Nos. 10, 18), and a Motion for Summary Judgment filed by the Petitioner (Doc. No. 14).

## I. BACKGROUND

The *pro se* Petitioner is a federal inmate serving a 125-month sentence in the Federal Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky ("Lexington FMC") in case number 5:15-cr-18-KDB-DSC-1. He has pending charges in Wilkes County Superior Court, Case Nos. 14CR702659, 15CR62, 15CR50096, 15CR50732, and 19CRS322.

Petitioner filed a "Motion to Vacate State Charges for Failure to Prosecute Violating Interstate Agreement on Detainers, Amend. VI, XIV" that was docketed in the instant case as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The Court noted that Petitioner appears to seek habeas corpus relief and provided Petitioner the opportunity to amend. (Doc. No. 2). Petitioner then filed the instant § 2241 Petition in which he names as Respondents: "Superior

1

Court of Wilkes County Attorney for Wilkes County; State of North Carolina; and County of Wilkes."[1] (Doc. No. 4); see (Doc. No. 4-1) (Exhibits).[2]

Petitioner argues that Respondents violated the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2 *et seq.*, N.C. Gen. Stat. § 15A-761 *et seq.*, by failing to provide him a speedy trial on the Wilkes County charges. He further argues that the pendency of the Wilkes County charges increased his BOP security level which has disqualified him from participating in BOP pre-release and early release programming. He contends that the state's delay in prosecuting the Wilkes County charges has forfeited its right to prosecute him, and that those charges should be dismissed.

The Court ordered the North Carolina Attorney General to respond to Petitioner's allegations. (Doc. No. 5).

The State of North Carolina filed a Response (Doc. No. 9), and Motion to Dismiss, (Doc. No. 10), arguing that: Petitioner failed to exhaust his speedy trial claim in state court; the request for relief is barred by abstention principles; and a speedy trial, not dismissal, is the appropriate remedy for a speedy trial violation.[3]

The Court informed Petitioner of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and cautioned him that the failure to file a

---

[1] Wilkes County was terminated as an improper Respondent. (Doc. No. 16). Two special deputy attorneys general have appeared in this case. They assert that the correct Respondents are the State of North Carolina, the Wilkes County District Attorney, and the Clerk of Superior Court for Wilkes County. See (Doc. Nos. 11 at 1 n. 1; 18 at 1 n.1). The Clerk will be instructed to amend the Respondents' names on the Court's electronic docket accordingly.

[2] The Exhibits attached to the § 2241 Petition are considered to be part of the Petition. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

[3] The Court takes judicial notice of the court documents filed by the State of North Carolina, (Doc. No. 11-2 through 11-6). See Fed. R. Ev. 201.

2

timely and persuasive response may result in the Court granting the Motion to Dismiss. (Doc. No. 12).

Petitioner filed a Response arguing that: he has been on lockdown due to COVID-19 with limited resources and access to legal materials; Petitioner was not required to exhaust any administrative remedies; Petitioner has repeatedly requested a speedy trial but those requests have been ignored; Petitioner is not receiving the effective representation of counsel in the state criminal proceedings; his requests to discharge counsel and represent himself are being ignored; the pending state charges have deprived Petitioner of BOP programming and job opportunities; the State has deliberately breached Petitioner's rights in bad faith; and dismissal of the charges is the appropriate sanction. Petitioner also filed a Motion for Summary Judgment arguing that the state charges should be dismissed because the Wilkes County court has ignored numerous speedy trial requests. (Doc. No. 14).

The State of North Carolina filed a Response to Petitioner's Motion for Summary Judgment arguing that relief should be denied for the same reasons that dismissal is warranted. (Doc. No. 15).

On February 1, 2021, the Court ordered the Respondents to address whether or not a detainer exists for the pending Wilkes County charges. (Doc. No. 16).

The State of North Carolina filed a Supplemental Memorandum on March 3, 2021 clarifying that there is no detainer for the pending Wilkes County charges. (Doc. No. 19). It further asserts that: Petitioner's claim for relief under IAD is moot and fails as a matter of law because no detainer exists; Petitioner has failed to exhaust his administrative remedies under the IAD; and § 2241 relief is unavailable because, absent a detainer, Petitioner is not "in custody" for federal habeas purposes. (Doc. No. 19).

3

On March 3, 2021, the Wilkes County District Attorney and the Superior Court of Wilkes County filed a Motion to Dismiss, (Doc. No. 18), adopting the arguments set forth by the State of North Carolina.[4] See (Doc. Nos. 11, 19). These Respondents further argue that this action should be summarily dismissed because they are not proper Respondents and that any challenge to BOP's execution of the federal sentence must be brought against his immediate custodian in the federal district court where he is imprisoned.[5]

Petitioner was informed of his right to respond to the Motions to Dismiss pursuant to Roseboro. (Doc. No. 20).

Petitioner filed a Response reiterating his arguments. He further asserts that the Respondents are attempting to cover up the fact that there is no legitimate reason for denying him a speedy trial on the Wilkes County charges, and that the BOP is treating the pending charges as detainers that have resulted in his exclusion from inmate programming. (Doc. No. 21).

Respondents have not filed replies and the time to do so has expired. This matter is therefore ripe for adjudication.

## II.     FACTUAL BACKGROUND

On March 2, 2015, Petitioner was charged in this Court, case number 5:15-cr-18-KDB, with conspiracy to distribute and possess with intent to distribute cocaine base. (5:15-cr-18 ("CR") Doc. No. 1). Petitioner pleaded guilty and, in a Judgment entered on February 10, 2016, he was

---

[4] The Declaration of Danita Small, an Interstate Agreement on Detainers Administrator for the North Carolina Department of Public Safety, is attached to the Motion to Dismiss. (Doc. No. 18-2). While the attachment of extrinsic materials may convert a motion to dismiss into a motion for summary judgment, Fed. R. Civ. P. 12(d), no conversion has occurred here because the Declaration addresses only adjudicative facts. See Fed. R. Ev. 201, Adv. Committee Notes ("Adjudicative facts are simply the facts of the particular case.").

[5] These Respondents note that Petitioner may be required to exhaust his administrative remedies in BOP before asserting such a challenge in federal court. (Doc. No. 11 at 16, n.8).

4

sentenced to 125 months' imprisonment that he is presently serving at Lexington FMC.[6] See (5:15-cr-18 ("CR") Doc. No. 17). Petitioner is scheduled to complete his federal sentence on February 21, 2024.[7]

On January 13, 2015, shortly before his arrest on the federal charges, Petitioner was involved in a fatal motor vehicle collision while he was allegedly intoxicated. That incident resulted in North Carolina charges for: reckless driving (Case No. 15CRS62); driving while impaired and driving with a revoked license (Case No. 15CRS50096); second-degree murder (Case No. 15CRS50732); and aggravated felony death by motor vehicle (Case No. 19CRS322). See (Doc. No. 11-5 at 4) (Indictment, Case No. 15CRS050732); (Doc. No. 11-4 at 4) (Indictment, Case No. 15CRS50096); (Doc. No. 11-3 at 38) (Indictment, Case No. 15CRS62). At the time of the January 13, 2015 incident, Petitioner had an outstanding citation for driving with a revoked license (Case No. 14CR702659). See (Doc. No. 11-2 at 2) (Uniform Citation, Case No. 14CR702659). Petitioner was arrested on the second-degree murder charge on March 26, 2015 and counsel was appointed to represent him the same day. See (Doc. No. 11-5 at 44) (Warrant for Arrest, Case No. 15CRS50732); (Doc. No. 11-5 at 14) (Fee Application, Case No. 15CRS50732). Petitioner made a number of *pro se* filings in the Wilkes County criminal cases, including requests for a speedy trial, which prompted counsel to file a Motion to Withdraw. (Doc. No. 11-2 at 17). The Wilkes County court allowed counsel to withdraw and appointed Petitioner a new lawyer. (Doc. No. 11-2 at 15). Petitioner has continued filing *pro se* motions, including speedy trial requests, and had asked for counsel to be discharged so that he can represent himself. See (Doc.

---

[6] This case was assigned to Judge Richard L. Voorhees at the time.

[7] See bop.gov/inmateloc/; Fed. R. Ev. 201.

No. 4-1 at 28). It appears that the Wilkes County court intends to colloquy Petitioner about his request to proceed *pro se* after he completes his federal sentence and is brought back to North Carolina for trial on the pending Wilkes County charges. See (Doc. No. 4-1 at 30); see also N.C. Gen. Stat. § 15A-1242 (addressing a defendant's election to represent himself at trial).

On April 19, 2016, BOP sent the Wilkes County Superior Court a Detainer Action Letter stating that it had received a Pre-Sentence Report for Petitioner's outstanding Wilkes County charges, requesting the dispositions of those cases, and setting forth the steps that are required "if you desire to have it lodged as a detainer." (Doc. No. 11-5 at 10) (Detainer Action Letter).

### III. STANDARD OF REVIEW

A district court has the authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are property brought under § 2241 because that provision "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

A habeas petitioner ordinarily must name as the respondent his immediate custodian at the time of filing. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The appropriate respondent for a challenge to a petitioner's "present physical confinement" is the warden of the facility where the petitioner is being held. Id. The "immediate physical custodian" rule does not apply, however, where a habeas petitioner challenges something other than his present physical confinement. See id. at 438; Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 499 & n.15 (1973).

6

*Pro se* pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

## IV. DISCUSSION

Petitioner seeks relief for a violation of his right to a speedy trial on Wilkes County charges pursuant to the IAD. He also argues that he is being denied the right to the effective assistance of counsel and self-representation in the Wilkes County cases.

The IAD is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State."[8] New York v. Hill, 528 U.S. 110, 111 (2000); see Reed v. Farley, 512 U.S. 339 (1994) ("the IAD is both a law of [the state] and a federal statute."); N.C. Gen. Stat. § 15A-761. Under Article III of the IAD, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, the "receiving" state has 180 days to retrieve the inmate for resolution of the outstanding charges. N.C. Gen. Stat. § 15A-761.

Because Petitioner challenges a detainer that was ostensibly lodged from this district, the Petition is properly before this Court. See Braden, 410 U.S. at 498-99. However, the record reflects that no detainer exists, and therefore, Petitioner is not "in custody" of the Respondents for purposes of federal habeas corpus review at this time. See id. at 494-95 (the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

---

[8] For purposes of the IAD, "State" means "a State of the United States [and] the United States of America…." 18 U.S.C. § App. 2 § 2, Art. II(a).

Petitioner has also failed to exhaust his claims. The scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). Petitioner argues that his rights to a speedy trial, the effective assistance of counsel, and self-representation are being violated in the Wilkes County cases. However, these claims have not been fully adjudicated by the North Carolina courts and they are unexhausted for purposes of federal habeas review. See generally 28 U.S.C. §§ 2241, 2254; 28 U.S.C. foll. § 2254.[9]

Moreover, these claims are barred by federal abstention principles. Courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger v. Harris, 401 U.S. 37, 43-44 (1971). The Fourth Circuit has stated that Younger abstention is appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The first Younger prong is satisfied in the instant case because the parties do not dispute that Petitioner has ongoing criminal proceedings in state court. The second prong is satisfied

---

[9] Section 2254 requires that a petitioner be "in custody" pursuant to a state court judgment, and therefore, any attempt to proceed under § 2254 at this time is premature.

8

Case 5:20-cv-00100-KDB   Document 22   Filed 04/15/21   Page 8 of 11

because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Petitioner will have the opportunity to present his speedy trial, ineffective assistance of counsel, and self-representation claims in the state courts. Petitioner has demonstrated no narrow and extraordinary circumstances that would warrant consideration of his claims at this time, and therefore, they are barred by Younger abstention.

In sum, there is no basis for federal habeas relief at this time as the Petitioner has failed to demonstrate that he is in the Respondents' custody; he has not exhausted his claims in the North Carolina courts; and pursuant to federal abstention principles. Accordingly, the Respondents' Motions to Dismiss will be granted and the Plaintiff's Motion for Summary Judgment will be denied.

Should Petitioner wish to challenge BOP's execution of his federal sentence, he must bring such a challenge in federal district court having jurisdiction over his present custodian, subject to all applicable timeliness and procedural requirements.[10] See Rumsfeld, 542 U.S. at 435.

### IV. CONCLUSION

For the foregoing reasons, Respondents' Motions to Dismiss are granted and Petitioner's Motion for Summary Judgment is denied.

---

[10] The Court makes no representations about the merit or procedural viability of such an action.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 4), is **DISMISSED**.

2. The State of North Carolina's Motion to Dismiss, (Doc. No. 10), and the Motion to Dismiss on Behalf of Wilkes County District Attorney and Superior Court of Wilkes County, (Doc. No. 18), are **GRANTED**.

3. Petitioner's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**.

4. **IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5. The Clerk is instructed to substitute the Respondents' names in CM-ECF as follows: "Wilkes County District Attorney" for "Tom Horner, District Attorney for Wilkes County;" and the "Clerk of Superior Court for Wilkes County" for "Wilkes County Superior Court."

6. The Clerk is instructed to close this case.

Signed: April 14, 2021

*[Signature]*

Kenneth D. Bell
United States District Judge

11